## WILLIAMS *v.* HARRIS.

[68 South. 465.]

1. WITNESSES. *Competency. Cure of incompetency.*
   Where a husband joined his wife in a conveyance of her property, he cannot, in an action against the heirs of the grantee who had died in the meantime, testify in his own behalf that the grantee's holding to a certain line was merely permissive.

2. WITNESSES. *Compentency. Cure of incompetency.*
   Where a husband and wife conveyed land of the wife to defendant's ancestor, and the grantee entered and held possession, and after the death of both the wife and the grantee, the heirs of the wife, one of whom was the husband, instituted an action against the heirs of the grantee to recover land of which it was claimed the grantee, had only permissive use. In such case where the testimony of the husband of the grantor to that effect was excluded because of his incompetency, his subsequent release of any claims to the land could not, under the present code, thereafter make him competent.

APPEAL from the circuit court of Lee county.
HON. CLAUDE CLAYTON, Judge.

*W. D. Anderson* and *C. P. Long,* for appellant.

*Boggan & Leake,* for appellee.

STEVENS, J., delivered the opinion of the court.

In April, 1898, Emma Givan, being the owner of a part of lot 2, block 18, of a certain survey of the town of Tupelo, conveyed to one Trice Williams, by deed properly executed by her and her husband Jesse Givan, a fractional part of said lot described as "a strip fifty feet off the south end of said lot No. 2, running the entire width of said lot from east to west," according to the proper survey. The grantee, Trice Williams and

his wife Sallie, entered into possession of the fifty-foot strip, and used and occupied the same as a home until the death of Trice Williams in November, 1906, and thereafter the widow Sallie Williams, appellant here, remained in possession as the sole heir at law of Trice Williams, deceased. In taking possession and improving the land purchased by them, Williams and his wife took actual possession of a part of lot 2 aforesaid immediately north of their fifty-foot strip not expressly embraced within the call or description in their deed, and continued in possession of this strip, along with and presumably as a part of the fifty-foot strip, and claimed it as a part of the land purchased by them from Emma Givan. In September, 1898, Emma Givan, the grantor in the deed, died, leaving as her heirs her husband, Jesse, and her daughter and only child, Victoria Harris, appellee herein. It appears from the evidence that Trice Williams constructed a fence dividing the lands then being improved by him and the premises of his grantor, that this fence was in fact placed too far north on the land belonging to Emma Givan, and that actual possession of the disputed strip continued in Trice Williams until his death and is now in his widow. The evidence is conflicting as to the exact time the partition fence was built, and as to the understanding of the adjacent owners about the construction of this fence at the time it was built. This action was one in ejectment by Jesse Givan and Victoria Harris as tenants in common and sole heirs of Emma Givan, deceased, against Sallie Williams, the sole heir of Trice Williams, deceased, for the recovery of possession of the strip of ground described in the declaration with some uncertainty as follows:

"Commencing at the southeast corner of lot No. 2, in block No. 18, in the Triplett, Allen, West & Co. addition to the town of Tupelo, and run north with the east line of said lot fifty feet for a beginning point, thence west with the north line of Sallie Williams' lot to King

109 Miss.—20

street, thence with the west boundary of said lot and the line of said street in a northwest direction to a fence, thence due east from the end of said fence to the east line of said lot, thence south with the east line of said lot sixty feet more or less to the beginning point, same being that portion of said lot now occupied by Sallie Williams north of the north boundary of the above described fractional part thereof, and deeded to Trice Williams as shown by Deed Record Book 82, page 540, of Lee county, Mississippi.''

On the trial of the case Jesse Givan was introduced as a witness for himself and coplaintiff, and after giving his evidence in chief, the court sustained a motion to exclude his testimony because the witness was incompetent to testify in support of his claim against the estate of Trice Williams, deceased. After further testimony by plaintiffs and defendant, and after the defendant had rested her case, plaintiffs made the following motion, which was by the court sustained, to wit:

''The plaintiff here dismisses as to this plaintiff, Jesse Givan, who further claims no interest in this suit whatever, or the result of the suit.''

The witness was thereupon reintroduced in rebuttal of the case of adverse possession apparently made out by the defendant, and over objections of defendant was allowed to give evidence to the effect that the dividing fence was built by agreement of all parties, and that the possession of Trice Williams in his lifetime was only permissive, and that there was an oral agreement by Trice Williams to move the fence when demand was made upon him so to do. There was verdict for the plaintiff Victoria Harris, and a judgment based upon this verdict of the jury was entered in favor of Victoria Harris that she recover an undivided one-half interest in the land, and that she be put in possession of said half interest along with the defendant, Sallie Williams. From this judgment the defendant appeals to

this court, and assigns as error, amongst others com-
plained of, that the court erred in allowing Jesse Givan
to dismiss as to himself and then testify for his coplain-
tiff, because there was "no proof of the identity of the
land sought to be recovered," and because the judgment
itself is uncertain, contains a void description and is
not supported by the evidence.

Jesse Givan was an incompetent witness in his own
behalf. The very fact attempted to be established by
this witness, to wit, the permissive holding of the land
by defendant, was the same kind of testimony con-
demned in the ejectment suit of *Rothschild* v. *Hatch,* 54
Miss. 554. In this case it was also held that one who
had made a deed of gift for his interest in an alleged
claim was a competent witness; but the legislature, in
1878, after the rendition of this opinion, enlarged the
statute so as to disqualify a witness who had assigned
his claim since the death of the deceased. This amend-
ment has been brought forward into our present Code
and is now in force. We do not think it was permissi-
ble, therefore, for the trial court to allow Jesse Givan to
enter a release in the course of the trial, and thereby re-
store his competency as a witness for his coplaintiff,
Victoria Harris. The purpose of the statute is to con-
tinue the disqualification of an incompetent witness even
though he has sold or given away his claim. And in the
instant case Jesse Givan and his coplaintiff claimed
jointly as tenants in common, they inherited from the
same person, assumed the burden of this litigation joint-
ly, and are members of the same family. To permit
one coplaintiff under such circumstances to commit
himself on the alleged facts in the presence of the
jury, to see his testimony excluded because of his
incompetency as a witness, and then to be reintro-
duced as a witness for his coadventurer in  the suit,
would be allowing that to be done indirectly which
the statute says cannot be done directly. It was

error, therefore, to admit the testimony of Jesse Givan, and without his testimony plaintiff did not sufficiently rebut the affirmative defense of adverse possession. *Whitehead* v. *Kirk,* 104 Miss. 776, 61 So. 737, 62 So. 432, 51 L. R. A. (N. S.) 187, and authorities there listed.

No map of any kind showing the size or dimensions of lot 2 was introduced in evidence, but judging from the statements of Jesse Givan and the admissions and diagrams of attorneys, it appears that the description of the land in the judgment entered is void for uncertainty, and that this judgment is not supported by the competent testimony in this record. It appears to us that the judgment entered takes away from appellant a portion of the fifty feet admittedly owned by her, even though the description, as contained in the judgment, be sufficiently definite to describe any land at all.

In view of the foregoing it follows that the judgment of the lower court should be set aside, and that this cause should be and is hereby reversed and remanded.

*Reversed and remanded.*